**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3002-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JELANI R. WEBSTER,

    Defendant-Appellant.

_____

Submitted April 3, 2025 – Decided April 17, 2025

Before Judges Natali and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Accusation No. 18-05-0815.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (William Kyle Meighan, Supervising Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jelani Webster appeals from a March 23, 2023 order denying her petition for post-conviction relief (PCR) based on ineffective assistance of plea counsel, without an evidentiary hearing. We affirm.

I.

We briefly summarize the relevant facts, which are undisputed. On July 10, 2017, defendant and two friends, including the deceased victim, rented a motel room in Point Pleasant. There is no dispute the friends consumed alcohol and drugs that evening and into the early morning hours of the next day.

At approximately 5:20 a.m., the Point Pleasant Beach Police Department and Emergency Medical Services responded to a 9-1-1 call reporting an unconscious female in the pool. Later that day, detectives conducted a recorded interview of defendant after advising her of her Miranda rights.[1] Defendant initially told detectives the decedent had jumped into the pool on her own accord, but changed her story after they indicated the whole encounter was caught on video surveillance. Defendant, then-nineteen-years-old, admitted she had pushed the decedent into the pool. Defendant also admitted to police neither she nor the decedent knew how to swim.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-3002-22

Defendant pleaded guilty to an accusation charging her with second-degree manslaughter, N.J.S.A. 2C:11-4(b), for causing the death of her friend. The plea agreement provided for a sentence of five to ten years. The State recommended a ten-year term of imprisonment and defendant provided a Sentencing Memorandum and advocated for a five-year term. The court sentenced defendant to six-and-a-half years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

We previously affirmed defendant's sentence pursuant to a Sentencing Oral Argument calendar hearing. State v. Webster, No. A-3373-18 (App. Div. May 5, 2020). Thereafter, defendant filed a timely pro se PCR petition, which was later supplemented by a counselled brief. In her PCR petition, defendant did not seek vacatur of her plea, but rather to reduce her sentence, arguing plea counsel was ineffective by failing to seek a sentence in the third-degree range.[2]

Following oral argument, the PCR court denied her petition in an order accompanied by a twenty-two-page written opinion. The court determined "[a]lthough [d]efendant based her argument on ineffective assistance of counsel,

[2] N.J.S.A. 2C:43-6(a) prescribes statutory ranges for a term of imprisonment based upon the degree of the offense: five to ten years for a second-degree crime, and three to five years for a third-degree crime. N.J.S.A. 2C:43-6(a)(2)-(3).

A-3002-22

the gravamen of her argument is that she received an excessive sentence and is entitled to a sentence reduction." The court concluded "[d]efendant has no colorable claim to a lesser sentence as it pertains to mitigating factors." Quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), the court determined "[d]efendant's argument is nothing but a 'bald assertion,'" stating:

> [i]n plea counsel's sentencing memorandum, it is apparent that he addressed the lack of criminal history by [d]efendant, the lack of purpose to commit the crime, the culpability of [another friend at the scene], the presence of alcohol and drugs, [the decedent's blood alcohol content], and the age of [d]efendant. Defendant's argument is meritless as plea counsel addressed all of the above in addition to [d]efendant's willingness to cooperate, her acceptance of responsibility, the unlikeliness of this conduct to reoccur, and the inapplicability of aggravating factors.

The court relied on the sentencing transcript, which showed the sentencing court considered defendant's age and other mitigating and aggravating factors. The court determined defendant's sentence was "extremely favorable and well below the ten-year maximum sought by the State."

The court found there was no indication the sentencing court "was clearly convinced that the mitigating factors substantially outweighed the aggravating factors. Nor is there any evidence that justice must demand the downgrade." The court determined defendant had failed to establish a prima facie case of

4

ineffective assistance of plea counsel under either Strickland prong. Strickland v. Washington, 466 U.S. 668, 687 (1984).

On appeal, defendant raises a single point for our consideration:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HER CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ADVOCATE ADEQUATELY AT SENTENCING BY ASKING FOR A DOWNGRADED SENTENCE.

## II.

We review of the denial of PCR without an evidentiary hearing de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). To reverse a conviction based on ineffective assistance of counsel, a defendant must demonstrate that both: (1) "counsel's performance was deficient" and (2) counsel's "errors were so serious as to deprive the defendant of a fair trial." Strickland, 466 U.S. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting Strickland). Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015).

Under the "'second, and far more difficult, prong of the' Strickland standard," State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "must show that the deficient performance prejudiced the defense." State v. O'Neil, 219 N.J. 598, 611 (2014)

5

(quoting Strickland, 466 U.S. at 687). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694).

Proof of prejudice under Strickland's second prong "is an exacting standard." Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant seeking PCR "must 'affirmatively prove prejudice'" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693). "[C]ourts are permitted leeway to choose to examine first whether a defendant has been prejudiced, . . . and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012) (citing Strickland, 466 U.S. at 697).

"[T]o establish a prima facie claim, a [defendant] must do more than make bald assertions that [they were] denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity," State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to

demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. "[F]actual assertions in a [PCR petition must] be made by affidavit or certification in order to secure an evidentiary hearing." Jones, 219 N.J. at 312 (citing R. 3:22-10(c)).

Before us, defendant contends she is entitled to an evidentiary hearing on her claim plea counsel rendered ineffective assistance at sentencing by failing to advocate adequately for a downgraded sentence in the third-degree range rather than the second-degree range.[3] More particularly, defendant asserts she "presented a prima facie case of ineffective assistance of counsel under Strickland . . . , and her claim was dependent . . . on evidence outside the trial record. Thus, resolution of the claim required an evidentiary hearing."

Additionally, defendant contends "a sentence in the third-degree range . . . would have been appropriate," under N.J.S.A. 2C:44-1(f)(2), which provides:

> [i]n cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which the defendant was convicted.

---

[3] We address the merits of defendant's arguments, finding no support for the State's argument her claims of ineffective assistance of counsel are moot.

A-3002-22

She maintains counsel did not properly argue the mitigating factors—including her age, maturity, and lack of criminal history—substantially outweighed the aggravating factors, and the interest of justice demands a lower sentence.

We review a court's sentencing decision under an abuse of discretion standard. State v. Blackmon, 202 N.J. 283, 297 (2010). Our limited review assures aggravating and mitigating factors found by the court are supported by competent, credible evidence in the record. State v. Miller, 205 N.J. 109, 127 (2011). Further, we must: (1) "require that an exercise of discretion be based upon findings of fact that are grounded in competent, reasonably credible evidence[;]" (2) "require that the factfinder apply correct legal principles in exercising its discretion[;]" and (3) "modify sentences [only] when the application of the facts to the law is such a clear error of judgment that it shocks the judicial conscience." State v. Roth, 95 N.J. 334, 363-64 (1984).

We reject defendant's contention she satisfied Strickland's two prong standard and established a prima facie case of ineffective assistance of counsel and, is therefore, entitled to an evidentiary hearing as to counsel's deficient representation at sentencing. The record includes plea counsel's Sentencing Memorandum which addressed several mitigating factors under N.J.S.A. 2C:44-1 and requested the court consider defendant's age (nineteen) and lack of

maturity prior to sentencing. Counsel further asked the court to consider defendant's close relationship with the decedent, the lack of purposeful intent to cause harm, and "the mitigating factors present in this matter preponderate the aggravating factors," in asking the court for "a sentence in the lower end of the range." In reviewing this record, the PCR court concluded, "[t]he argument that the mitigating factors were not raised during the sentencing are directly refuted by the sentencing transcript," which confirms the court addressed the factors directly on the record as previously iterated. State v. Porter, 216 N.J. 343, 355 (2013) (A "defendant must allege specific facts and evidence supporting [her] allegations."); see also Cummings, 321 N.J. Super. at 170 ("[A] petitioner must do more than make bald assertions that [she] was denied the effective assistance of counsel.").

Defendant does not challenge the plea or argue she would not have accepted its terms but for counsel's deficient representation. State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (stating a defendant must show that, "had he been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so."). Rather, she posits counsel failed to "advocate adequately at [her] sentencing hearing," despite her plea to manslaughter knowing the State

had requested a ten-year-maximum term of incarceration. Defendant suggests that additional advocacy by counsel would have resulted in a lower sentence. She makes this argument without any support.

Defendant's arguments are unpersuasive because N.J.S.A. 2C:44-1(f)(2) is permissive in nature and grants courts the discretion to sentence a defendant convicted of a first- or second-degree crime to a term one degree lower than that of the crime for which he or she was convicted. The statute requires the court be "clearly convinced that the mitigating factors substantially outweigh the aggravating factors" and to decide that the lower sentence is in the interest of justice. Ibid. The fact that counsel did not make this specific argument is not indicative of constitutionally deficient representation under Strickland's first prong.

Defendant also cannot establish that but for counsel's failure to argue for a downgraded sentence, the court would have downgraded her sentence from six years and six months to within the third-degree range of three to five years' incarceration, thereby establishing Strickland's prejudice prong. 466 U.S. at 687. Defendant's argument is merely speculative, tantamount to a "bald assertion," and, thus, insufficient to establish counsel's representation was constitutionally deficient. Cummings, 321 N.J. Super at 170.

Lastly, because we reject defendant's contention she established a prima facie case of ineffective assistance of plea counsel, there is no support for her primary claim she is entitled to an evidentiary hearing. "The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing." State v. Vanness, 474 N.J. Super. 609, 623 (2023) (citing Cummings, 321 N.J. Super. at 170). The PCR court should grant an evidentiary hearing only if:

> (1) the defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted.
>
> [Ibid. (citing Porter, 216 N.J. at 354).]

Because the PCR court properly found defendant failed to establish a prima facie case of ineffective assistance of counsel, defendant cannot establish she is entitled to an evidentiary hearing. R. 3:22-10(b).

To the extent we have not addressed any of defendant's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11

A-3002-22